1 F.3d 1244
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Robert D. LINWOOD, Defendant-Appellant.
 No. 92-4132.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 20, 1993.*
Decided Aug. 2, 1993.
 
 Before CUMMINGS, COFFEY and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Robert Linwood was convicted of being a felon in possession of a firearm, 18 U.S.C. Sec. 922(g), of possessing cocaine with intent to distribute, 21 U.S.C. Sec. 841(a)(1), and of using or carrying a firearm during drug trafficking, 18 U.S.C. Sec. 924(e). He was given concurrent sentences of thirty years for the first offense and twenty on the second, along with a consecutive five-year term for the third crime.
 
 
 2
 Linwood first challenges the sufficiency of the evidence supporting each of his convictions. He contends that his testimony and that of Judith Ross, a friend, was more believable than the testimony of the arresting officer. When testifying, Linwood denied ever possessing the gun, crack cocaine, pager, or currency that the officer found on his person. Ross testified that she was with Linwood just prior to his arrest and that she never saw a gun or any cocaine. The arresting officer, in contrast, testified that he discovered all of these items in Linwood's possession. Essentially, then, Linwood is arguing that the jury should have believed his witnesses and not the police officer. We do not reweigh credibility determinations on appeal, e.g., Anderson v. Sullivan, 925 F.2d 220, 222 (7th Cir.1991), so this challenge to the sufficiency of the evidence fails.
 
 
 3
 In addition, the record reveals ample evidence to support the convictions. As to the first offense, felon in possession of a firearm, there was prrof of each of the required elements. The parties agreed Linwood had a prior felony conviction, no one disputed that the gun travelled in interstate commerce, and the jury believed the officer's testimony that Linwood possessed the gun, which he found in the defendant's waistband. See United States v. Garrett, 903 F.2d 1105, 1110 (7th Cir.), cert. denied, 498 U.S. 905 (1990). The second offense, possession of cocaine with intent to distribute, was proven by the officer's testimony that Linwood possessed the cocaine and the defendant's admission that he knew of it. Further, an expert witness stated that the amount of crack was more than one would carry for personal use, allowing the inference that Linwood intended to distribute it. United States v. Maholias, 985 F.2d 869, 879 (7th Cir.1993). Finally, it is clear that Linwood was carrying a gun at the time of the trafficking offense, which he admitted he used for protection. That is enough for a conviction. United States v. Ocampo, 890 F.2d 1363, 1371 (7th Cir.1989); see also Smith v. United States, 113 S.Ct. 2050 (1993).
 
 
 4
 Linwood next argues that the district court should not have been sentenced as a career offender under U.S.S.G. Sec. 4B1.1 for his possession of a firearm. The government agrees, noting that a subsequent decision has rendered the district court's sentence improper. The district court believed that being a felon in possession of a firearm was a crime of violence, a prerequisite to being sentenced as a career offender. The Supreme Court has since ruled that it is not a crime of violence. Stinson v. United States, 113 S.Ct. 1913 (1993). Consequently we must remand so that the district court can recalculate Linwood's sentence without the career-offender enhancement.
 
 
 5
 AFFIRMED in part and REMANDED for RESENTENCING.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record